UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY DALE GRAHAM, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1727 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Jimmy Graham's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. After reviewing the motion and the record from the criminal proceedings, the Court finds that Graham is not entitled to relief. Consequently, this action is dismissed. *See* 28 U.S.C. § 2255, Rule 4.

Graham pled guilty to using interstate facilities to transmit information about a minor in violation of 18 U.S.C. § 2422. In return, the government dismissed the charge for attempting to persuade or coerce a minor to engage in sexual activity. The Court sentenced him to sixty months' imprisonment and five years of supervised release.

On appeal, Graham argued that his plea was involuntary because he was misinformed about the applicable supervised release range and because the Court violated due process and Federal Rule of Criminal Procedure 11(c)(1) by participating in plea negotiations at the first sentencing hearing. The Court of Appeals rejected the challenge to the plea and affirmed.

In the instant motion, Graham alleges that he was denied effective assistance of counsel, that the prosecutor coerced his acceptance to the plea agreement, and that the Court changed the terms of the plea agreement without consent. The claims are meritless.

First, Rule 2(b)(2) of the Rules Governing § 2255 Proceedings requires a movant to set forth the facts supporting each ground for relief. Graham argues that his plea was coerced because the government made "multiple misrepresentations." He does not state, however, what those misrepresentations were or how his plea was coerced. Nor does he allege in what manner the Court modified the plea agreement or how it affected his sentence. As a result, the motion is conclusory, and Graham is not entitled to relief.

Moreover, to establish a claim of ineffective assistance of counsel, a movant must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, under the "performance" component, the movant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, the movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Graham has not alleged any facts showing that counsel's performance was deficient or that he was prejudiced. Graham has failed to show that any misrepresentations were made by the government for counsel to object to. And he benefitted substantially from the terms of the plea agreement. Therefore, he is not entitled to relief on this ground.

Prosecutorial misconduct does not warrant federal habeas relief unless the misconduct infected the proceedings with enough unfairness to render petitioner's conviction a denial of due process. *Roberts v. Bowersox*, 137 F.3d 1062, 1066 (8th Cir. 1998). To obtain habeas relief,

"[a] petitioner 'must show that there is a reasonable probability that the error complained of affected the outcome . . . would have been different.'" *Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (quoting *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir.1995)).

As stated above, Graham has failed to identify any misstatements made by the prosecutor, nor has he shown that the outcome of the proceedings would have been different absent the alleged misstatements. As a result, he is not entitled to relief on this ground.

In his claim for judicial misconduct, Graham alleges that the Court "allowed and accepted an illegal plea agreement" and that the Court changed the terms of the plea agreement. However, here is no indication in the record that the plea was not knowing and voluntary. And the Court sentenced Graham in accordance with the sentencing range for the crime to which he pled. Therefore, he is not entitled to relief.

Finally, Graham has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Graham's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DISMISSED.**

An Order of Dismissal will be filed separately.

Dated this 10th day of December, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE