# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JIMMY DALE GRAHAM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:15CV1727 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion for relief from judgment. The motion is denied.

Graham pled guilty to using interstate facilities to transmit information about a minor in violation of 18 U.S.C. § 2422. In return, the government dismissed the charge for attempting to persuade or coerce a minor to engage in sexual activity. The Court sentenced him to sixty months' imprisonment and five years of supervised release.

On appeal, Graham argued that his plea was involuntary because he was misinformed about the applicable supervised release range and because the Court violated due process and Federal Rule of Criminal Procedure 11(c)(1) by participating in plea negotiations at the first sentencing hearing. The Court of Appeals rejected the challenge to the plea and affirmed.

In his motion for reconsideration, movant again argues that his plea was involuntary because he was misinformed about the supervised release terms. His counsel advised him that it would be three years during plea negotiations. However, upon reviewing the Presentence Report, counsel and movant were informed that the actual range was five years to life.

As stated by the Court of Appeals, movant was aware of the actual range before sentencing. He never filed a motion to withdraw the plea, even though his counsel advised him he might be entitled to do so. And during the sentencing hearing, movant agreed that he had "no additions or corrections or changes [to the Presentence Report] . . ."

Movant's argument that his plea was involuntary is controverted by the record. Because he did not object to the Presentence Report, he accepted the correct term of supervised release, and there is no evidence that his plea was unknowing or involuntary. Moreover, he received a substantial as a result of the plea bargain. As a result, the motion for reconsideration is denied.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether the his plea was unknowing or involuntary. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for relief from judgment [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that movant's motion for order to provide copies [ECF No. 8] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 27th day of January, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE